Due to the seriousness of the relapse and the related conduct and pursuant to the Rules of the Supreme Court Relating to Admissions to the Bar, this Court will allow an extension of the conditional admission of Christopher Joseph Fluehr (hereinafter C.J.F.) to The Florida Bar and he may remain a conditional admittee to the Florida Bar but only and strictly subject to the following terms and conditions:
1. C.J.F.’s license to practice law shall be placed on probation for a period of five years from the date of this order.
2. During the period of probation, C.J.F. shall:
(a) abstain from the consumption of all alcoholic beverages;
(b) abstain from the use of all drugs, controlled substances and similar materials unless and except as prescribed by a duly licensed medical physician and approved by the Florida Lawyers Assistance, Inc. (FLA, INC.);
(c) participate actively in the program offered by FLA during the entire probationary period and comply with a rehabilitation contract with FLA and sign an extended contract with FLA to cover the entire period of probation and conditional admission as required by this order;
(d) participate actively in Alcoholics/Narcotics Anonymous by attending at least weekly meetings during the period of probation, practice AA/NA principles in all of C.J.F.’s affairs; and comply fully with all principles of recovery by substance dependent individuals;
(e) attend attorney support meetings at least monthly, or at such greater frequency as recommended by FLA or any health care provider;
(f) submit to and pay for a minimum of twelve (12) random urine drag/alcohol screens annually as well as any other ham, blood, sweat, or other substance screening tests determined to be appropriate by FLA, any health care provider or Florida Bar representative;
(g) consult with and remain under the care of a medically licensed health care provider who regularly treats addiction type disorders at least quarterly or more frequently as the health care provider deems necessary;
(h) follow promptly, diligently and completely all instructions by the medically licensed health care provider, including the taking of any medication in the manner recommended and as may be prescribed by the medically licensed health care provider;
(i) require his medically licensed health care provider to submit quarterly reports to The Florida Bar during the entire probationary and conditional admission period. These reports shall confirm the conditionally admitted person’s consultations for the preceding quarter and shall advise The Florida Bar of such person’s ability to remain alcohol and drug free and to safely engage in the active practice of law;
(j) conditional admittee shall require and cause the medically licensed health care provider to issue a letter agreement that the medically licensed health care provider will immediately notify The Florida Bar if the conditional admittee misses a scheduled appointment without prior rescheduling and during the entire *112 probationary period attesting to his compliance with the conditions set forth in 2(a), (b), (c), (d), (e), (f), (g), (h), (i), and (j) above.
3. The Florida Bar shall monitor the conditions set forth in this order pursuant to Rule l-3.2(b), Rules Regulating The Florida Bar, and the costs thereof shall be paid by C.J.F. to The Florida Bar or its designated monitoring agency.
4. To monitor effectively the provisions in this agreement, C.J.F. shall reside within Florida during the entire period of probation. Any business or pleasure trips outside Florida that exceed ten days shall occur only with the advance approval of The Florida Bar. If C.J.F. relocates outside Florida during the probationary period for any reason, C.J.F. shall surrender his license to practice law in Florida and if C.J.F. fails to do so, the Supreme Court of Florida shall terminate his license.
5. C.J.F. shall immediately inform The Florida Bar of any criminal arrest or prosecution or the filing of any grievance or complaint related to C.J.F.’s practice of law.
6. If CJ.F.’s license is surrendered or terminated during the probationary period, C.J.F. may resume the practice of law in the State of Florida only upon full compliance with the rules and regulations governing admission to The Florida Bar.
7. A failure to observe the conditions of the probation or a finding of probable cause by The Florida Bar as to conduct of C.J.F. committed during the period of probation may terminate the probation and subject C.J.F. to all available grievance procedures and disciplinary sanctions including disbarment under the Rules of
Discipline. Upon receiving notice of a violation of the Court’s order of conditional admission, The Florida Bar may immediately petition the Court for an order of suspension. C.J.F. shall have ten days to file a response. If no response is timely filed by C.J.F., then the Court shall issue an order suspending C.J.F. If a response is filed, the matter shall be disposed of as the Court directs. Unless terminated by the Court, an order of suspension shall remain in effect until final disposition of the grievance procedures commenced by The Florida Bar against C.J.F.
8. If circumstances so warrant it, C.J.F. and The Florida Bar may stipulate to an extension of the period of probation or The Florida Bar may petition the Court for such an extension with a final decision to be made by the Court.
9. C.J.F. acknowledges that an uninterrupted period of documented sobriety for a minimum period of time must be established prior to admission to The Florida Bar on an unconditional basis. Should the period of probation be extended pursuant to either paragraph 7 or 8 above, C.J.F., therefore, further agrees that such extension shall be for a minimum of three up to five years.
LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.